UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK A. RYAN, )
)
)
        Plaintiff, )
)
vs. ) Case No. 8:07-cv-1510-T2-MAP
)
THE BUDD GROUP, INC. and, )
BLAIR COMMUNITIES d/b/a )
ARLINGTON RIDGE, )
)
        Defendants. )

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND MEMORANDUM OF LAW IN SUPPORT

### I. INTRODUCTION

This case involves Plaintiff's claims for unpaid overtime. The parties jointly move this Court to enter an order approving the settlement entered into by the parties.

### II. FACTUAL AND PROCEDURAL BACKGROUND

#### A. Procedural History.

On August 24, 2007, Plaintiff Mark A. Ryan filed his Complaint and Demand for Jury Trial in the United States District Court Middle District of Florida, Tampa Division. (Dkt. No.1). The Complaint sought unpaid wages, liquidated damages, prejudgment interest, and attorneys' fees and costs for The Budd Group, Inc.'s ("Budd" or "Defendant") alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

201 *et seq*. On September 17, 2007, Budd answered Plaintiff's Complaint, denying any violation of the FLSA.

Plaintiff claims that he was not paid for all overtime incurred during his time as a security officer.

### B. Voluntary Settlement Discussions.

The parties agreed to participate in settlement discussions regarding this matter and, as part of this process, conducted an exchange of information regarding Plaintiff's overtime wages allegedly owed.

#### 1. Information Exchange.

Budd provided to Plaintiff information regarding Plaintiff's hours, pay and job responsibilities. Plaintiff, with the assistance of counsel, provided documents and data regarding his claims and alleged damages. Based on the information gathered during the parties' separate investigations, the parties still disagree on whether the Plaintiff sustained damages.

#### 2. Settlement Discussions.

The parties discussed their claims and defenses. These discussions resulted in a settlement of Plaintiff's claims. The Settlement provides that Defendant will pay Plaintiff $445.50. *See* **Exhibit "A"**, Settlement Agreement, attached hereto. Defendant will further pay Plaintiff's attorney Jay M. Yenor, III of Pantas Law Firm, P.A., $2,554.50 in attorney's fees and costs.

In exchange for these payments, Plaintiff agrees to release Defendant from the claims brought in the Complaint and any other claims he may have against Defendant.

### III. FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE

#### A. The Settlement is Reasonable and Fair.

Pursuant to the case law of this circuit, judicial review and approval of this tentative settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn*:

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;

3

> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits:
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). *See also Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007); *see also Hill v. Florida Industrial Elec., Inc.,* No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6, (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enterprises, Inc., et al.,* No. 6:05-cv-1247-Orl-JGG, at *4 (M.D. Fla. Apr. 12, 2006). There is a strong presumption in favor of finding a settlement fair. *Hamilton,* 2007 U.S. Dist. LEXIS at * 2-3; *see also Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977).

### B.     All of the Relevant Criteria Support Final Approval of the Settlement.

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, Plaintiff was represented by Jay M. Yenor, III Esq., Pantas Law Firm, P.A., and Defendant was represented by Randall W. Lord, Esq., Jackson Lewis LLP. Both of the counsel involved have extensive experience in litigating claims under the Fair Labor Standards Act. Each counsel was obligated to and did vigorously represent his client's rights. Based on the amount to be paid to Plaintiff, it is clear that there was no fraud or collusion.

4

Second, the complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendant continue to disagree over the merits of the claim asserted by Plaintiff. If this case were to be litigated further, Budd would bear the burden of proving that Plaintiff was properly paid for all work performed, as required by the Fair Labor Standards Act. Plaintiff, in turn, would have to prove that he performed work for which he was not properly compensated. *See Reyna v. Conagra Foods, Inc.,* No. 3:04-cv-39, 2006 U.S. Dist. LEXIS 89690, at *10 (M.D. Ga. 2006), *citing Anderson v. Mt. Clemens Pottery Co.,* 382 U.S. 680, 687, 66 S.Ct. 1187, 90 L. Ed. 1515 (1946). Both parties would be forced to engage in complex, costly, and protracted litigation in order to meet these burdens. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Third, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The parties conducted preliminary discovery, and voluntarily exchanged information on an informal basis, including documents and data regarding Plaintiff's claims. Both parties exchanged information regarding Plaintiff's hours, pay, job duties and responsibilities. In agreeing upon the proposed settlement, the parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiff's probability of success on the merits is also uncertain, further suggesting that this settlement is fair and appropriate. Plaintiff asserts that he is owed back overtime wages due to Defendant's alleged violation of the FLSA. In its Answer, Defendant

contests these allegations and affirmatively raises several affirmative defenses, including the defense that Plaintiff was properly paid for all time worked. The range of possible recovery by Plaintiff is also open to dispute. Even if Plaintiff were able to succeed on the merits of his claims, requiring substantial additional time and exercise of resources by both parties, the amount of any recovery is uncertain.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Helms* at 5. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where both parties stipulate as to the reasonableness of the attorney's fees. *Id.* at 12. Here, both parties stipulate that the proposed fees to Plaintiff's counsel are reasonable. Therefore, both parties request that this Court find the proposed attorneys' fees reasonable.

## IV. CONCLUSION

The Settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of Settlement.

6

DATED this 1st day of February, 2008.

Respectfully submitted.

| | |
|---|---|
| PANTAS LAW FIRM, P.A.<br>250 N. Orange Avenue; 11th Floor<br>Orlando, FL 32801<br>Telephone: (407) 425-5775<br>Facsimile: (407) 425-2778 | JACKSON LEWIS LLP<br>P.O. Box 3389<br>Orlando, FL 32802-3389<br>Telephone: (407) 246-8440<br>Facsimile: (407) 246-8454 |
| By: _/s/Jay M. Yenor, III_<br>Jay M. Yenor, III<br>Florida Bar No. 937568<br>jyenor@pantaslaw.com | By: _/s/Nicole A. Sbert_<br>Randall W. Lord.<br>Florida Bar No. 765422<br>lordr@jacksonlewis.com<br><br>Nicole A. Sbert<br>Florida Bar No. 0896861<br>sbertn@jacksonlewis.com |
| Attorneys for Plaintiff, MARK A. RYAN | Attorneys for Defendant, THE BUDD GROUP, INC. |

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MARK A. RYAN, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 8:07-cv-1510-T2-MAP |
| THE BUDD GROUP, INC. and, BLAIR COMMUNITIES d/b/a ARLINGTON RIDGE, | ) |
|         Defendants. | ) |

## SETTLEMENT AGREEMENT

      Defendant, THE BUDD GROUP, INC. ("Budd"), its parent corporations, affiliates, subsidiaries, divisions, successors and assigns (collectively referred to throughout the remainder of this Agreement as "Employer") and MARK A. RYAN, his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Ryan"), agree that:

      1.    **Consideration**.  In consideration for signing this Agreement and compliance with the promises made herein, Employer agrees to pay Ryan the gross sum of Three Thousand Dollars and Zero Cents ($3,000.00) as set forth below:

          a.    the sum of Two hundred twenty-two Dollars and 75 Cents ($222.75) made payable to Mark A. Ryan, representing back pay under the FLSA, for which a W-2 form will be issued and estimated legally required deductions will be made;

          b.    the sum of Two hundred twenty-two Dollars and 75 Cents ($222.75) made payable to Mark A. Ryan, representing liquidated damages under the FLSA, for which a 1099 form will be issued;

          c.    the sum of Two thousand, Five hundred fifty-four Dollars and 50 Cents ($2,554.50) made payable to Pantas Law Firm, P.A. as attorney's fees, costs and disbursements, collectively to resolve this matter in its entirety, for which a 1099 form will be issued.

      The checks described above shall be delivered to Pantas Law Firm, P.A. within ten (10) business days of receipt by counsel for Employer of: (1) a Stipulation of Dismissal with Prejudice executed by Pantas Law Firm, P.A. a copy of which is attached hereto as "Exhibit A,"

with each party to bear its own fees, costs and disbursements; (2) this Agreement signed by Ryan in connection with the settlement of his claims against Employer; (3) W-9 forms executed by Ryan and his attorneys, and (4) the Court's issuance of a Final Order of Dismissal, approving the terms of this settlement.

Employer makes no representation regarding the taxability of the amounts paid to Ryan or his counsel. Ryan agrees to pay his portion of federal, state or local taxes, if any, which are required to be paid with respect to this Agreement. Moreover, Ryan agrees to indemnify Employer and hold it harmless from any interest, taxes, or penalties assessed against it by any governmental agency as the result of the non-payment of taxes on any amounts paid to Ryan or his attorneys under this Agreement.

2. **No Consideration Absent Execution of This Agreement**. Ryan understands and agrees that he would not receive the monies and/or benefits specified in paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein. Ryan further understands and agrees that payment of the monies and/or benefits specified in paragraph "1" above are also contingent upon execution of a Settlement Agreement by all co-plaintiffs in this matter.

3. **General Release of Claims.** Ryan knowingly and voluntarily releases and forever discharges Employer, and the current and former employees, officers, directors, attorneys, insurers, and agents thereof, of and from any and all claims, known and unknown, Ryan has or may have against Employer as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended ("ERISA");
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990, as amended;
- The Age Discrimination in Employment Act of 1967 ("ADEA"), as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Florida Civil Rights Act, as amended;

- The Florida Minimum Wage Law, as amended;

- Equal Pay Law for Florida, as amended;

- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;

- Any public policy, contract, tort, or common law; or

- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

4. **Affirmations**. Ryan affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Employer in any forum or form, except for the current case styled *Mark A. Ryan v. The Budd Group, Inc. and Blair Communities d/b/a Arlington Ridge,* filed in the United States District Court for the Middle District of Florida, Case No. 8:07-cv-1510-T2-MAP. Ryan furthermore affirms, aside from the foregoing, he is unaware of any other claims he has or may have against Employer.

Ryan further affirms that he has reported all hours worked as of the date of this release and has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him, except (1) any already vested benefit under ERISA, and (2) as provided in this Agreement and General Release. Ryan furthermore affirms that he has been provided and/or has not been denied any leave requested under the Family Medical Leave Act.

5. **Confidentiality**. Ryan agrees not to disclose directly or indirectly by word, gesture, or actions any information regarding the existence or substance of this Agreement except to his current spouse or partner, tax advisor, and any attorney retained by Ryan. This covenant of confidentiality includes the terms or the making of this Agreement, and Ryan's receipt of the payment hereunder, including the amount of said payment ("Confidential Information"). This covenant of confidentiality also prohibits Ryan from directing a third party to review, or informing a third party of, the court file in this matter. If asked about this litigation Ryan agrees only to state that "I have dismissed the case and decided to move on with my life," or words of similar force and effect. If asked about whether a person should pursue a similar claim Ryan agrees to state only "I have no opinion on that," or words of similar force and effect.

Ryan also affirms that he will not divulge any such Confidential Information to anyone at anytime hereafter.

If Ryan is served with a subpoena and/or court order compelling disclosure of any Confidential Information regarding the action identified above, Ryan shall notify his attorneys, Pantas Law Firm, P.A., who in turn immediately will forward a copy of said subpoena/court order to Randall W. Lord, Esq. at Jackson Lewis LLP via facsimile and overnight mail within two (2) business days of service, and Ryan shall cooperate with Employer by meeting in person

or telephonically with counsel for Employer and discussing with counsel the information Ryan believes he has.

Ryan agrees that he will not voluntarily cooperate with any current or former employee of Employer with respect to their charges, complaints or disputes with Employer. This prohibition applies to every state of any proceeding, including any trial, pretrial preparation, and pre-litigation fact gathering, and bars Ryan from testifying, providing documents or information, advising, counseling or providing any other form of assistance. If compelled by legal process (subpoena or court order) to testify or produce documents or information in any matter, Ryan shall notify his attorneys, Pantas Law Firm, P.A., who in turn will immediately forward a copy of said subpoena/court order to Randall W. Lord, Esq. at Jackson Lewis LLP via facsimile and overnight mail within two (2) business days of service, and Ryan shall cooperate with Employer by meeting in person or telephonically with counsel for Employer and discussing with counsel the information Ryan believes he has.

Ryan understands and agrees that any violation of this covenant of confidentiality will constitute a material breach of this Agreement which will cause Employer to suffer immediate and substantial injury. It is agreed, therefore, that in the event Ryan, his current spouse or partner, his tax advisor, and/or his counsel, while acting on his behalf or within the scope of their representative authority, disclose or convey in any way any information protected by this Agreement, with the above exceptions, Employer shall be entitled to initiate action against Ryan for all damages incurred by Employer as a result of breach of this paragraph, including recovery of their reasonable costs and attorneys fees, even if specific damages cannot be proven. Furthermore, a breach of this covenant of confidentiality or any action for damages arising from such breach will not release Ryan from liability for future violations of this section.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event that either party breaches any provision of this Agreement, the parties affirm that the non-breaching party may institute an action to specifically enforce any term or terms of this Agreement. The prevailing party shall be entitled to recover its reasonable costs and attorney's fees in any action brought to enforce the terms of this Agreement. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Nonadmission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Release shall be deemed or construed at anytime for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

8. **Amendment**. This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

9. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties except for any confidentiality agreements and protective orders previously entered into between the parties in connection with this litigation. Ryan acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

RYAN HAS BEEN ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT AND GENERAL RELEASE AND HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND GENERAL RELEASE.

RYAN AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT AND GENERAL RELEASE DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH "1" ABOVE, RYAN FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE THOSE CLAIMS HE HAS OR MIGHT HAVE AGAINST EMPLOYER AS MORE FULLY SET FORTH ABOVE.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

*[Signature: Mark A. Ryan]*
Mark A. Ryan

Date: 12-18-07

The Budd Group, Inc.

By: _____
Name: _____
Title: _____

Date: _____

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

|  |  |
|---|---|
| _____<br>Mark A. Ryan<br><br>Date: _____ | The Budd Group, Inc.<br><br>By: _[signature]_<br>Name: Gerald L. Chrisco<br>Title: CFO<br><br>Date: 1/28/08 |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK A. RYAN,

        Plaintiff,

vs.                              Case No. 8:07-cv-1510-T2-MAP

THE BUDD GROUP, INC. and,
BLAIR COMMUNITIES d/b/a
ARLINGTON RIDGE,

        Defendants.

## JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE

Plaintiff MARK A. RYAN and Defendant THE BUDD GROUP, INC., by and through their undersigned counsel, hereby dismiss this matter with prejudice pursuant to Federal Rule of Civil Procedure 41(a) on the grounds that the parties have entered into and executed a Settlement Agreement and General Release, whereby all of the pending claims in this cause have been compromised and fully resolved. Accordingly, each party shall bear their own attorneys' fees and costs.

# EXHIBIT "A"

2

DATED this \_\_\_\_ day of _____, 2008.

| | |
|---|---|
| PANTAS LAW FIRM, P.A.<br>250 N. Orange Avenue; 11th Floor<br>Orlando, FL 32801<br>Telephone: (407) 425-5775<br>Facsimile: (407) 425-2778 | JACKSON LEWIS LLP<br>P.O. Box 3389<br>Orlando, FL 32802-3389<br>Telephone: (407) 246-8440<br>Facsimile: (407) 246-8454 |
| By: _____<br>    Jay M. Yenor, III<br>    Florida Bar No. 937568<br>    jyenor@pantaslaw.com | By: _____<br>    Randall W. Lord.<br>    Florida Bar No. 765422<br>    lordr@jacksonlewis.com<br><br>    Nicole A. Sbert<br>    Florida Bar No. 0896861<br>    sbertn@jacksonlewis.com |
| Attorneys for Plaintiff, MARK A. RYAN | Attorneys for Defendant, THE BUDD GROUP, INC. |

2